UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RICARDO FIGUEROA,**<br><br>       **Plaintiff,**<br><br>  — against —<br><br>**MONTCLAIR COLLISION, INC., and JOSEPH ZAZZARA,** *individually*,<br><br>       **Defendant.** | CIVIL ACTION NO.<br><br>**COMPLAINT**<br><br>PLAINTIFF DEMANDS A TRIAL BY JURY |

  Plaintiff Ricardo Figueroa ("Plaintiff"), by his attorneys, Criscione Ravala, LLP, as and for his Complaint against Defendants, Montclair Collision, Inc. and Joseph Zazzara, *individually*, (collectively referred to as "Defendants"), alleges, upon information and belief, as follows:

## I. NATURE OF THE ACTION

  1. Plaintiff brings this action for damages and equitable relief based upon the willful violations of the Defendants relating to unpaid wages, including overtime wages, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq.* ("FLSA"), and for violations of the New Jersey Wage and Hour Law, N.J.S.A. §34:11—56a, *et seq.* ("NJWHL"), the New Jersey Wage Payment Law, and the New Jersey Law Against Discrimination.

  2. Plaintiff also brings this action to recover for unjust enrichment, conversion, and punitive damages.

## II. JURISDICTION AND VENUE

  3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367(a).

4. This Court has personal jurisdiction over the Defendants because the Defendants reside and/or regularly conduct and/or transact business in the State of New Jersey.

5. Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district and Defendants' principal place of business is located within the County of Essex, State of New Jersey, within the District of New Jersey.

### III. PARTIES

6. Plaintiff Ricardo Figueroa is an adult individual residing in Passaic County, New Jersey.

7. Plaintiff was employed as an auto-mechanic by Defendants at Montclair Collision, Inc. from approximately February 1, 2017 until October 1, 2019.

8. Upon information and belief, Defendant Montclair Collision, Inc. is a domestic corporation, incorporated in the County of Essex, in the State of New Jersey, having its principal place of business at 111 Walnut Street, Montclair, NJ 07042.

9. Defendant Joseph Zazzara is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Joseph Zazzara is sued individually in his capacity as owner, manager, principal, and/or agent of Defendant Montclair Collision, Inc. Defendant Joseph Zazzara possesses operational control over Defendant Montclair Collision, Inc., an ownership interest in Defendant Montclair Collision, Inc., and controls significant functions of Defendant Montclair Collision, Inc. He determines the wages and compensation of the employees of Defendant Montclair Collision, Inc., including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff was employed as an auto-mechanic by Defendants at Montclair Collision, Inc. from approximately February 1, 2017 until October 1, 2019.

11. Plaintiff's schedule was sporadic in that numerous weeks he worked well over forty (40) hours per work week, but other weeks he worked less than 40 hours per work week.

12. For all work performed, including work performed well in excess of forty (40) hours per work week, Plaintiff only received payment of approximately $749.17 per work week.

13. On October 1, 2019, Defendants terminated Plaintiff after he inquired about his unpaid wages and earned vacation time.

14. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NJWHL.

15. Defendant Joseph Zazzara possess operational control over Defendant Montclair Collision, Inc., possess ownership interests in Defendant Montclair Collision, Inc., and controls significant functions of Defendant Montclair Collision, Inc.

16. Defendant Joseph Zazzara had the power to hire and fire Plaintiff, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff's services.

17. Throughout Plaintiff's employment, Defendants had a gross annual volume of sales of not less than $500,000.00

18. In addition, upon information and belief, Defendants were directly engaged in interstate commerce.

19. At all times relevant herein, Defendants maintained a policy and practice of requiring Plaintiff to work in excess of 40 hours a week without paying him appropriate overtime compensation as required by federal and state laws.

20. Plaintiff was a victim of Defendants' common policy and practices which violate his rights under the FLSA and NJWHL by, *inter alia*, not paying him the wages he was owed for the hours he worked.

21. Defendants habitually required Plaintiff to work additional hours beyond his regular shifts but never provided him with any additional compensation.

22. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NJWHL.

23. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
**Violation of the Overtime Provisions of the FLSA**

24. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

25. At all times relevant herein, Defendants were and continue to be "employers" within the meaning of the FLSA.

26. As outlined above, Defendants, in violation of 29 U.S.C. §207(a)(1), failed to pay Plaintiff overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

27. As also outlined above, Defendants' failure to pay Plaintiff overtime compensation is willful within the meaning of 29 U.S.C. §255(a).

28. Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times his respective regular rate of pay.

29. Plaintiff is also entitled to liquidated damages and attorneys' fees for Defendants' violation of the FLSA overtime provisions.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**Violation of the Overtime Provisions of the New Jersey Wage and Hour Law**

29. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

30. At all times relevant herein, Defendants were and continue to be "employers" within the meaning of the NJWHL.

31. Defendants, in violation of the New Jersey Wage and Hour Law, N.J.S.A. §34:11—56a, *et seq.*, and supporting regulations of the New Jersey State Department of Labor, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

32. Defendants' failure to pay Plaintiff overtime compensation is willful within the meaning of NJWHL.

33. Plaintiff was damaged in an amount to be determined at trial.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**Violations of the New Jersey State Wage Payment Law for Withholding Wages**

34. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

35. Defendants, in violation of New Jersey State Wage Payment Law, N.J.S.A. §34:11—56a, *et seq.*, and supporting regulations of the New Jersey State Department of Labor, failed to pay Plaintiff wages duly owed to him for the hours he worked.

36. Defendants' failure to pay these wages is willful within the meaning of New Jersey State Wage Payment Law, N.J.S.A. §34:11—56a, *et seq*.

37. Plaintiff was damaged in an amount to be determined at trial.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
**Retaliation under the FLSA**

38. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

39. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

40. Under the FLSA, it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

41. Defendant Joseph Zazzara retaliated against Plaintiff and discharged Plaintiff after Plaintiff inquired about his missing wages and unpaid vacation time.

42. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the FLSA.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
**Retaliation under the New Jersey Wage and Hour Law**

43. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

44. Defendants are "employers" within the meaning of the NJWHL.

45. At all relevant times, Plaintiff was employed by Defendants within the meaning of the NJWHL.

46. Defendant Joseph Zazzara retaliated against Plaintiff and discharged Plaintiff after Plaintiff inquired about his missing wages and unpaid vacation time.

47. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the NJWHL.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### Retaliation under New Jersey State Law

48. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

49. New Jersey's Law against Discrimination Section 10:5-12(d) sets forth that it is unlawful "for any person to take reprisals against any person because that person has opposed any practices or acts forbidden under this act or because that person has filed a complaint, testified or assisted in any proceeding under this act or to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by this act."

50. Defendants have violated this section as set forth herein.

51. As such, Plaintiff has been damaged as set forth herein.

### AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### Unjust Enrichment

52. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

53. At all times relevant herein, Plaintiff performed services for Defendants from which Defendants benefitted.

54. Defendants failed to pay Plaintiff his duly owed wages for work done for the benefit of Defendants.

55. Defendants were unjustly enriched by not paying Plaintiff his duly owed wages for the work done by Plaintiff for Defendants.

56. It would be fundamentally unjust and unfair to allow Defendants to retain the income owed to Plaintiff.

57. As a direct and proximate cause of Defendants' wrongful and willful misconduct, Plaintiff suffered injury and is entitled to reimbursement and disgorgement by Defendants of the benefit conferred by Plaintiff.

58. By reason of the foregoing, Defendants are liable to Plaintiff for the income owed to Plaintiff, in the amount of damages to be determined at trial, plus applicable interest, and damages suffered as a result of Defendants' actions.

**AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**Conversion**

59. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

60. Defendants possess or have converted Plaintiff's wages that rightfully and legally belong to Plaintiff.

61. Defendants have acted in a manner that has deprived Plaintiff of his right to receive the benefits of his wages that are rightfully due to Plaintiff.

62. Based on the foregoing, Plaintiff has been damaged in an amount to be determined at trial, plus interest, attorneys' fees, court costs, and all other expenses that have or will be incurred by Plaintiff as a result of this action.

### AS AND FOR A NINTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
**Punitive Damages**

63. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

64. Defendants' misleading and deceitful actions as alleged herein were intentional, willful, damaging to Plaintiff, and demonstrated wanton dishonesty and indifference to Defendants' obligations.

65. Plaintiff is entitled to the maximum award of punitive damages allowed by law.

### V. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this honorable Court:

(a) Award Plaintiff actual damages in an amount to be determined at trial, but in no event less than $55,015.00; and

(b) Award Plaintiff all other compensatory, economic, incidental, liquidated, and punitive damages on all causes of actions where allowable; and

(c) Award Plaintiff pre-judgment and post-judgment interest on all causes of actions where allowable; and

(d) Award Plaintiff costs, disbursements and attorneys' fees; and

(e) Award such other and further relief, whether in law or equity, as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: November 8, 2019
      New York, New York                                        Respectfully Submitted,

                                               **CRISCIONE RAVALA, LLP**

                                               */s/ Galen J. Criscione*
                                               Galen J. Criscione, Esq.
                                               NJ Bar No.: 001262011
                                               2001 Route 46, Suite 310
                                               Parsippany, NJ 07054
                                               T: (800) 583-1780
                                               F: (800) 583-1787
                                               E: GCriscione@lawcrt.com
                                               *Attorneys for Plaintiff*

## VERIFICATION

I, RICARDO FIGUEROA, hereby do affirm that I am the Plaintiff named in the foregoing Complaint, and that the contents of said Complaint are true to my own knowledge except as to those facts alleged upon information and belief, and that as to those facts I believe same to be true.

_____
Ricardo Figueroa